IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| VICKIE PENICHER,<br><br>      Plaintiff,<br><br><br><br><br><br>      vs.<br><br><br>MICHAEL J. ASTRUE, Commissioner of<br>Social Security,<br><br>      Defendant. | MEMORANDUM DECISION AND<br>ORDER OVERRULING<br>DEFENDANT'S OBJECTIONS TO<br>MAGISTRATE JUDGE'S REPORT<br>AND RECOMMENDATION AND<br>REMANDING CASE<br><br><br><br><br>Case No. 1:06-CV-156 TS |

      Defendant timely filed Objections to the Magistrate Judge's January 25, 2008 Report

and Recommendation.[1]  After a thorough review and analysis of the administrative record

and the law, the Magistrate Judge recommended that the Commissioner's decision to deny

Plaintiff's application for disability benefits be reversed and remanded to the Commissioner

for further proceedings pursuant to 42 U.S.C. § 405(g).  The remand recommendation is

based upon the Magistrate Judge's findings that the Administrative Law Judge (ALJ): (1)

---

[1]Docket No. 12.

improperly evaluated the opinion of Claimant's treating physician; (2) improperly evaluated Claimant's credibility; and (3) failed to properly evaluate Claimant's residual functional capacity.

Because there was a timely objection, the Court reviews the Magistrate Judge's decision de novo.[2]

> In order to conduct a *de novo* review a court "should make an independent determination of the issues . . .; [it] 'is not to give any special weight to the [prior] determination'. . .."  "The district judge is free to follow [a magistrate's recommendation] or wholly to ignore it, or, if he is not satisfied, he may conduct the review in whole or in part anew."[3]

Defendant does not specifically object to any of the Magistrate Judge's detailed and comprehensive Statement of Facts[4] and the Court adopts them in whole.  Other than a disagreement over the applicability of Social Security Ruling (SSR) 06-3p, Defendant does not object to the Magistrate Judge's statements of the controlling law.  Except for SSR 06-3p, the Court adopts the Magistrate Judge's statements of the law in whole and need not repeat the controlling standards herein.

As to SSR 06-3p, "'SSR 06-3p is a clarification of existing SSA policies.' Specifically, the "ruling clarifies how [the Commissioner] consider[s] opinions and other evidence from

---

[2]28 U.S.C. § 636(b)(1).

[3]*Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. First City Nat. Bank,* 386 U.S. 361, 368 (1967) and *Mathews v. Weber,* 423 U.S. 261, 271 (1976)). *Accord Northington v. Marin,* 102 F.3d 1564, 1570 (10th Cir. 1996) ("The district court must consider the actual testimony or other evidence in the record and not merely review the magistrate's report and recommendations.").

[4]Report and Recommendation (R & R), at 2-5.

medical sources who are not 'acceptable medical sources.'"[5]  The Court applies SSR 06-03p and may remand for its application "notwithstanding the ALJ had made his determination before the ruling was issued."[6]

The Court has reviewed the entire record, including the transcript of the 2005 Administrative hearing with the testimony of the medical expert (ME).  Upon de novo review, without any special weight to the Magistrate Judge's finding and recommendation, the Court finds that the ALJ failed to apply the correct legal standards for the following reasons.

First, this Court finds, as did the Magistrate Judge, that the ALJ improperly discounted the opinion of Dr. Rifleman and Nurse Mol, FNP-C.  In Defendant's objection, Defendant makes several arguments that the ALJ did not advance as reasons for rejecting their opinions in connection with his step three analysis and finding.[7]  However, the ALJ's decision must stand on its own rationale.[8]

--------------------------------------------

[5]*Bowman v. Astrue*  511 F.3d 1270, 1274 (10th Cir. 2008) (quoting *Sloan v. Astrue*, 499 F.3d 883, 888 (8th Cir. 2007) and SSR 06-03p).

[6]*Id*. at 1275 (quoting *Frantz v. Astrue,* 509 F.3d 1299, 1302-03 (10th Cir. 2007)).

[7]*E.g.*, Defendant argues that the treatment records from the clinic fail to support Nurse Mol's conclusions. Docket No. 13, at 2.  The ALJ's decision on the other hand, fails to specify this as a reason for his step three analysis. See R & R at 6-7.

[8]*Allen v. Barnhart*,  357 F.3d 1140, 1142 (10th Cir. 2004) (reversing and remanding where district court erred in its "post hoc effort to salvage the ALJ's decision" by its analytical revision offered on judicial review); accord *Cagle v. Astrue*,  2008 WL 506289, *5 (10th Cir. February 25, 2008) (rejecting Commissioner's argument concerning the ALJ's finding as resting "on inferences drawn from evidence the ALJ barely referenced in his decision" and, therefore, "an impermissible attempt to provide a post hoc rationale in support of the ALJ's decision").

As to Nurse Mol, she is not an "acceptable medical source," but because SSR 06-03p is a clarification that applies to this case "notwithstanding the ALJ had made his determination before the ruling was issued," the ALJ should "explain the weight given to opinions from 'other sources,' or otherwise ensure that the discussion of the evidence . . . allows a claimant or subsequent reviewer to follow the adjudicator's reasoning."[9]

Under SSR 06-03p:

> an opinion from a medical source who is not an "acceptable medical source" may outweigh the opinion of an "acceptable medical source," including the medical opinion of a treating source.  For example, it may be appropriate to give more weight to the opinion of a medical source who is not an "acceptable medical source" if he or she has seen the individual more often than the treating source and has provided better supporting evidence and a better explanation for his or her opinion.[10]

The ALJ simply gives no reason for rejecting Nurse Mal's opinions at step three. This opinion was jointly signed by Nurse Mal and Dr. Rifleman.  There is also no reason given at step three for the ALJ's rejection of their opinion.  Instead, the ALJ adopts the opinion of the ME, who did not examine Plaintiff, and who, by his own testimony, had not seen over 30 pages of Plaintiff's medical records, including those of Dr. Dr. Rifleman and Nurse Mol.  This error in failing to state the reasons for the rejection of the opinions of medical professionals who had treated Plaintiff in favor of a medical professional who had never seen Plaintiff and who completed only a partial review of Plaintiff's records is not in accordance with the legal standard for rejecting such evidence.

---

[9] *Bowman*, 511 F.3d at 1275 (quoting SSR 06-03p).

[10] *Id.*

Next, the Court finds that the ALJ failed to apply the correct legal standard to evaluate Plaintiff's credibility. "While a claimant's credibility is generally an issue reserved to the ALJ, the issue is reviewable to ensure that the underlying factual findings are 'closely and affirmatively linked to substantial evidence, and not just a conclusion in the guise of findings.'"[11] Here again, Defendant attempts to provide a post hoc rationale in support of the ALJ's decision, by arguing for example, that Plaintiff failed to take her medication,[12] a finding not made by the ALJ. The Court agrees with the Magistrate Judge that the "ALJ failed to link the evidence to the credibility finding and failed to consider the factors required in evaluation."[13]

Lastly, the Court finds that the ALJ failed to properly evaluate Claimant's residual functional capacity under the applicable standard. For example, the ALJ completely discounted the reports of medical providers who treated Plaintiff and gave "great weight" to the "check box" opinion and brief summary[14] of the DDS consulting physician, despite the fact that the DDS consulting physician's opinion was rendered before the amended disability on-set date. This appears to be due to the failure to consider the opinion of Nurse Mol as required by SSR 06-03p.

For the foregoing reasons, it is therefore

---

[11]*Swanson v. Barnhart,* 2006 WL 2147557, *1 (10th Cir. 2006) (quoting *Hackett v. Barnhart,* 395 F.3d 1168, 1173 (10th Cir. 2005)).

[12]Obj. at 6.

[13]R & R at 10.

[14]Rec. at 158-68, 199. As noted by the Magistrate Judge, the DDS physician's report does not cite to Plaintiff's medical records. R & R. at 12.

5

ORDERED that Defendant's Objections to the Magistrate Judge's Report and Recommendation are OVERRULED.  It is further

ORDERED that the Magistrate Judge's January 25, 2008 Report and Recommendation is AFFIRMED and ADOPTED IN ALL RESPECTS.  It is further

ORDERED that pursuant to the fourth sentence of 42 U.S.C. § 405(g), this case is REMANDED to the Appeals Council of the Social Security Administration, and the Council shall then finally remand the case to an ALJ for further proceedings to properly address the opinions of Plaintiff's treating physician, evaluate Plaintiff's credibility, and evaluate claimant's residual functional capacity in accordance with controlling law.

This case shall be closed with a judgment remanding the case under sentence four of 42 U.S.C. § 405(g).

DATED  March 26, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge

6