IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| VICKIE PENICHTER,<br><br>    Plaintiff,<br><br><br><br><br>    vs.<br><br><br>JO ANNE B. BARNHART, Commissioner of Social Security,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S APPLICATION FOR ATTORNEY FEES UNDER EAJA AND AWARDING THE FILING FEE<br><br><br><br>Case No. 1:06-CV-156 TS |

In this Social Security case, Plaintiff seeks attorney fees under the Equal Access to Justice Act (EAJA).  "Under EAJA, a fee award is required if: (1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust."[1]  It is undisputed that Plaintiff is a prevailing party under the EAJA because she obtained a "sentence four"[2] remand.

---

[1]*Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (quoting 28 U.S.C. § 2412(d)(1)(A)).

[2]Sentence four of 42 U.S.C. § 405(g).

1

The Commissioner has not challenged Plaintiff's computation of her claimed attorney fees, their reasonableness, nor the cost of living adjustment that Plaintiff is seeking.   The government does not oppose the award of the fees and agrees to pay the same, but does not concede that the Commissioner has not met her burden of establishing her position was not substantially justified.[3]

In *Hackett v. Barnhart*,[4] the Tenth Circuit recently examined the standard for an award of EAJA fees in social security cases:

> "The test for substantial justification in this circuit is one of reasonableness in law and fact."   Thus, the government's position must be "justified to a degree that could satisfy a reasonable person." The government's "position can be justified even though it is not correct."[5]

> * * *

> As defined by EAJA, "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." The statute further provides that "whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought."[6]

> * * *

---

[3]*Scarborough v. Principi,* 541 U.S. 401, 414 (2004) (holding that § 2412(d)(1)(A) "indicates and courts have uniformly recognized" the "burden of establishing 'that the position of the United States was substantially justified,' must be shouldered by the Government").

[4]475 F.3d 1166.

[5]*Id.* at 1172 (quoting *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995) and *Pierce v. Underwood*, 487 U.S. 552, 565, 566 n.2  (1988)).

[6]*Id.* (quoting 28 U.S.C. § 2412(d)(2)(D) and (d)(1)(B)).

> [W]e hold that EAJA "fees generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position." This is only the general rule, however, and, for purposes of this case, we do not need to state categorically that a reasonable litigation position by the government can never "cure" unreasonable agency action. . . .[7]

This Court's March 26, 2008 Memorandum Decision and Order was a de novo review of the Magistrate Judge's Report and Recommendation.[8]  The Court reversed the Commissioner's decision and remanded the case for further proceedings under sentence four of 42 U.S.C. § 405(g).[9]

In determining whether the Commissioner's position was substantially reasonable, the Court "should focus on the issue that led to remand, rather than on the ultimate issue of disability."[10]  Similarly, the Court focuses exclusively on the issue upon which remand was granted, rather than any issues raised upon which the Plaintiff did not prevail.[11]

Having considered the record, the Court finds that the Commissioner's position was not substantially justified.  The ALJ's failure to properly evaluate the opinion of Claimant's treating health care providers, Claimants' credibility, and Claimant's residual functional capacity were unreasonable.  In this litigation the Commissioner attempted to advance several arguments "that the ALJ did not advance as reasons for rejecting" the opinions of

---

[7]*Id*. at 1174 (quoting *United States v. Marolf*, 277 F.3d 1156, 1159 (9th Cir. 2002)).

[8]Docket No. 15 (Memorandum Decision).

[9]*Id.*

[10]*Willoughby v. Chater*, 930 F.Supp. 1466, 1469 (D. Utah 1996).

[11]*Hackett*, 475 F.3d at 1174.

the health care providers, attempts the Court found to be unavailing.[12] On the facts of this case,  the Court finds that it would be improper to attempt to "rely on the Commissioner's litigation position to deny the plaintiff's EAJA application."[13]

The Court has considered the documentation submitted by Plaintiff's counsel together with the entire record, and finds that the number of hours requested is reasonable. The Court further finds that the cost of living adjustment that Plaintiff's counsel is seeking is reasonable.  The Commissioner requests that the award of the $350 filing fee be made separately from the EAJA and requests the order state the fee is to be paid from the U.S. Treasury.[14]  The filing fee is awardable under 28 U.S.C. § § 1920(1) and 2412(a)(1)/  It is therefore

ORDERED that Plaintiff's Motion for Attorney Fees under the EAJA (Docket No. 17) is GRANTED.  It is further

ORDERED that Plaintiff's counsel is awarded attorney fees in the amount of $5,951.25 pursuant to 42 U.S.C. § 2412(d), plus costs in the amount of the filing fee of $350 to be paid from the United States Treasury.

DATED  July 28, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[12]Docket No. 15, at 3 and n.7-8.

[13]*Id*. at 1175.

[14]Docket No. 20 at 1-2 (citing 31 U.S.C. § 1304).